Irvine H. **LEEN** and Aleta Leen, Plaintiffs-Appellants,

v.

Harold M. **THOMAS**, an individual; et al., Defendants-Appellees.

No. 16-15916

United States Court of Appeals, Ninth Circuit.

Argued and Submitted December 7, 2017 San Francisco, California

Filed December 20, 2017

Therese Cannata, Cannata, O'Toole, Fickes & Almazan LLP, San Francisco, CA, for Plaintiffs-Appellants

Bruce Alpert, County Counsel, Office of the County Counsel, Oroville, CA, Derek Haynes, Stephen E. Horan, Esquire, At-

torney, Kevin M. Kreutz, Attorney, Thomas Leroy Riordan, Porter Scott, Sacramento, CA, for Defendants-Appellees Harold M. Thomas, John Lane, Michael Ramsey

Catherine Woodbridge, Deputy Assistant Attorney General, AGCA-Office of the California Attorney General, Sacramento, CA, for Defendants-Appellees Sandra Morey, Charlton H. Bonham

William Jenkins, Deputy Attorney General, AGCA—Office of the California Attorney General, San Francisco, CA, for Defendants-Appellees Barbara Evoy, John O'Hagan

Before: LUCERO,* RAWLINSON, and OWENS, Circuit Judges.

MEMORANDUM **

Plaintiffs-appellants Irvine and Aleta Leen appeal from the district court's dismissal of their fourth amended complaint under Fed. R. Civ. P. 12(b)(6). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the judgment and remand the case with instructions.

1. Generally, "a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976). Because the district court's dismissal order omitted discussion of the Leens' equal-protection claim, we vacate the dismissal of that claim and return the case for further proceedings. On remand, the district court should explain the grounds for its decision to dismiss the equal-protection claim. Should the court conclude that the Leens have plausibly pleaded a violation of their

right to equal protection, it should next consider whether that right was "clearly established," *White v. Pauly*, —— U.S. ——, 137 S.Ct. 548, 551, 196 L.Ed.2d 463 (2017) (per curiam), and thus whether the defendants-appellees are immune from suit for money damages, *Reichle v. Howards*, 566 U.S. 658, 664, 132 S.Ct. 2088, 182 L.Ed.2d 985 (2012); *see also, e.g., Gerhart v. Lake Cty.*, 637 F.3d 1013, 1024-25 (9th Cir. 2011).

2. In addition to the remand to address the Equal Protection Clause claim more fully, we also vacate the dismissal of the Leens' procedural and substantive due-process claims. The district court dismissed these claims on the ground that the Leens did not possess a constitutionally protected property interest in either their water license or an amendment to that license. On remand, the district court may wish to consider whether the Leens' application for a change of point of diversion is different for due-process purposes from the water license underlying it. *See Morongo Band of Mission Indians v. State Water Res. Control Bd.*, 45 Cal.4th 731, 88 Cal.Rptr.3d 610, 199 P.3d 1142, 1145 (2009) (suggesting that a California water license is a property interest protected by due process). The court should also consider that procedural and substantive due-process claims are distinct causes of action. To succeed on a substantive due-process claim, a plaintiff must plead and prove official conduct that "shocks the conscience," rather than merely a denial of process. *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1195 (9th Cir. 2013); *see also, e.g., Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845-47, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) ("[T]he substantive component of the Due Process Clause

---

* The Honorable Carlos F. Lucero, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." (internal quotation marks omitted)).

Moreover, because of its holding on the threshold property-interest issue, the district court did not address whether the Leens have plausibly pleaded the other elements of a due-process violation or, assuming they had, whether the defendants-appellees are entitled to qualified immunity from suit for such an alleged violation. The court also did not have occasion to address whether the Leens have plausibly pleaded individual liability against defendant-appellee Michael Ramsey. We vacate the dismissal of the Leens' due-process claims and remand the case so that the district court may consider and address each of these issues in the first instance. *Singleton*, 428 U.S. at 120, 96 S.Ct. 2868.

3. We express no opinion on whether the Leens have plausibly pleaded any constitutional violation by any of the defendants-appellees or on whether the defendants-appellees are entitled to qualified immunity. As to the second question, "clearly established law" should not be defined "at a high level of generality," *White*, 137 S.Ct. at 552 (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)), and instead "must be 'particularized' to the facts of the case," *id.* "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741, 131 S.Ct. 2074.

4. Each party shall bear its own costs.

**VACATED AND REMANDED.**